AO 91 (Rev. 11/11)  Criminal Complaint

| | | |
|---|---|---|
| AUSA: | Michael Taylor | Telephone: (313) 226-9516 |
| Special Agent: | Troy Williams | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Jalyn Massenberg

Case No.

Case: 2:23−mj−30300
Assigned To : Unassigned
Assign. Date : 7/21/2023
Description: RE: SEALED MATTER (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 20, 2023__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Troy Williams, Special Agent (ATF)
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: __July 21, 2023__

_____
Judge's signature

City and state: __Detroit, Michigan__

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Troy Williams, being first duly sworn, hereby depose and state as follows:

## AGENT BACKGROUND

1. I am a Special Agent with the ATF and have been since March 2022. I have had extensive law enforcement training, including at the Federal Law Enforcement Training Center in the Criminal Investigator Training Program and ATF Special Agent Basic Training. I also have a bachelor's degree in criminal justice.

2. Prior to becoming a Special Agent with the ATF, I was employed with the Detroit Police Department (DPD) for approximately five years as police officer before becoming a sergeant. During my employment with DPD, I was assigned to multiple specialized units including but not limited to the ATF Task Force as a task force officer. As an ATF task force officer, I investigated criminal violations relating to firearms, firearms trafficking, criminal street gangs and narcotics both as a case agent and assisting officer.

3. This affidavit is comprised of information to which I have personal knowledge and information provided by other law enforcement officers. I have not included each and every fact known to me concerning this investigation; rather I have set forth only the facts necessary to establish probable cause.

1

4. The information outlined below is for the limited purpose of establishing probable cause that Jalyn Jamar MASSENBERG (B/M/ XX/XX/1992) has violated 18 U.S.C. § 922 (g)(1) – possession of a firearm by a convicted felon.

## PROBABLE CAUSE

5. On June 20, 2023, Detroit Police Department (DPD) Police Officers (PO) Greene and Nassar were on patrol in the area of W. McNichols and W. Outer Drive in Detroit, Michigan. At approximately 5:05 am, officers stopped a vehicle occupied by three individuals, including MASSENBERG, for traffic violations.

6. As Officer Greene opened the front passenger door, he observed the grip of a firearm protruding out of MASSENBERG's underwear. As Officer Greene attempted to place MASSENBERG in handcuffs, MASSENBERG pushed Officer Greene to the ground and fled on foot. Officer Greene pursued MASSENBERG while giving multiple commands for MASSENBERG to drop the weapon and unsuccessfully deploying his taser. Officer Greene continued pursuing MASSENBERG until eventually losing sight.

7. Officers later located and apprehended MASSENBERG hiding in the brush behind a residence some distance from the original scene. Officer Greene radioed to other officers and described seeing a black handgun on MASSENBERG.

8. Officer Nassar located a small revolver on the floorboard behind MASSENBERG's seat at the feet of one of the rear passengers. When Officer Nassar

notified Officer Greene that the recovered firearm was a revolver, Officer Greene indicated that he observed a black handgun, not a revolver, tucked into MASSENBERG's boxers and asked Officer Nassar to check the area for a second firearm matching that description.

9. On the ground, immediately next to the open passenger door where MASSENBERG pushed Officer Greene to the ground, Officer Nassar located a loaded black Glock 19, semi-automatic 9mm caliber pistol, serial number AGX092US, which was equipped with a full-auto or machinegun conversion device—commonly referred to as a "Glock switch."

10. On June 20, 2023, ATF SA Marquis Shannon and I interviewed MASSENBERG at the Detroit Detention Center. After being advised of his *Miranda* rights, MASSENBERG claimed that he only saw the recovered firearm on the side of his seat near the door when he was asked to exit the vehicle and seeing that firearm is what caused him to flee.

11. I reviewed a computerized criminal history (CCH), along with court records, which shows that on May 28, 2014, MASSENBERG was convicted in the 22nd Circuit Court for Washtenaw County, Michigan for the felony offense of Unarmed Robbery. (Case No. 12-482-FH) Court records show that MASSENBERG's conviction was initially deferred under the Holmes Youthful

3

Training Act (HYTA), but after MASSENBERG violated probation, his HYTA status was revoked, and the unarmed robbery conviction entered.

12. Court records show that the Michigan Attorney General responded to a petition by MASSENBERG in January of 2020 to have his felony conviction set aside or expunged by the 22nd Circuit Court. The conviction has not been set aside and MASSENBERG remains a felon. However, MASSENBERG's attempt to have the felony conviction expunged shows his knowledge that he had previously been convicted of a crime punishable by more than one year of imprisonment on June 20, 2023, when he possessed the Glock firearm described above.

13. On July 6, 2023, SA Kevin Rambus, an ATF interstate nexus expert, was provided with a description of the recovered Glock firearm from the arrest of MASSENBERG on June 20, 2023. SA Rambus advised that, based on his training and experience, the description provided, without physically examining the firearm, the firearm was manufactured outside the State of Michigan, and thus had traveled in and affected interstate or foreign commerce.

## **CONCLUSION**

14. Probable cause exists that Jalyn MASSENBERG knowing that he had previously been convicted of a crime punishable by more than one year of imprisonment, knowingly possessed a Glock 19 9mm caliber, semi-automatic pistol, serial number AGX092, which travelled in or

4

affected interstate commerce in violation of 18 U.S.C. § 922(g)(1). This violation occurred on or about June 20, 2023, in the city of Detroit, in the County of Wayne, in the Eastern Judicial District of Michigan

Respectfully submitted,

Troy Williams
ATF Special Agent

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Hon. David R. Grand
United States Magistrate Judge

July 21, 2023

5